IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JERRY HEARIN, DEREK LEWIS, JAMES GRIMES, ALLEN KIRKLAND INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY SITUATED CURRENT AND FORMER EMPLOYEES, <br><br>**PLAINTIFFS,** <br><br>v. <br><br>SOBER LIVING AMERICA, INC. AND JAMES C. deVARENNES, <br><br>**DEFENDANTS**. | CIVIL ACTION NO. <br><br><br><br><br>JURY TRIAL DEMANDED |

## **ORIGINAL COLLECTIVE ACTION COMPLAINT**

COMES NOW Plaintiffs, Jerry Hearin, Derek Lewis, James Grimes, and Allen Kirkland, individually, and on behalf of all others similarly situated, and hereby file their Complaint against Sober Living America, Inc., a Georgia Corporation, and James C. deVarennes, individually, and allege as follows:

### **I. INTRODUCTION**

1. Jerry Hearin, Derek Lewis, James Grimes and Allen Kirkland, hereafter "Plaintiffs," were employees of Defendant Sober Living America, Inc., ("SLA" or simply "Defendant"), at all times relevant to this Complaint.

1

2. This lawsuit is brought against Sober Living America, Inc., as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid minimum wages and unpaid overtime compensation for Plaintiffs and other similarly situated current and former employees who are members of a collective as defined herein.

3. At all times material to this Complaint, Plaintiffs performed non-exempt labor duties on behalf of SLA.

4. Plaintiffs and members of the collective have been employed by SLA at various times and some are currently still employed by SLA and have continued to work for SLA during such time.

5. Based on the information preliminarily available, and subject to discovery in this cause, SLA did not compensate Plaintiffs and those similarly situated employees of SLA all minimum wages and for all overtime hours worked in excess of forty (40) per week during all times relevant to this Complaint.

## II. JURISDICTION AND VENUE

6. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c)

because SLA's corporate headquarters are located in this district, SLA regularly conducts business in this district, and SLA's wage and hour plans, policies, and practices were established and administered in this district. SLA has violated, and continues to violate, the FLSA from its corporate headquarters located in this district, at all times relevant to this Complaint. Defendant James C. deVarennes who was the President and CEO of SLA, Inc., during times relevant to this Complaint, and was/is responsible for establishing and administering SLA's wage and hour plans, policies and practices at all times material to this Complaint and upon information and belief, resides in this district.

### III. COLLECTIVE DESCRIPTION

8. Plaintiffs bring this action on behalf of the following similarly situated persons:

   > All current and former employees classified as Van Driver, Guest Service employees, Work Development employees, and City Directors of SLA's Tennessee, Alabama, Florida, Georgia, South Carolina, North Carolina, Kentucky, Indiana, Mississippi, Virginia and Texas operations who work (or have worked) at such SLA's facilities at any time during the applicable limitation's period covered by this Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the collective").[1]

---

[1] Plaintiffs reserve the right to modify or amend the Collective Description upon newly discovered information gathered through the discovery process.

3

## IV. PARTIES

9. Defendant SLA, Inc. is a Georgia Corporation with its principal executive office located at 2530 Peachwood Circle, Suite 4, Atlanta, GA, 30345. According to the Georgia Secretary of State, SLA, Inc. may be served through its registered agent for service of process: James C. deVarennes, 2530 Peachwood Circle, Suite 4, Atlanta, Georgia, 30345.

10. Defendant James C. deVarennes is an adult individual and resident of the State of Georgia and who, at times relevant to this Complaint, has been the President and Chief Executive Officer of SLA and has exercised operational control over SLA, including control over its compensation policies, at all times material herein.

11. Plaintiff Jerry Hearin is an adult resident citizen of the state of Florida who was employed by SLA, Inc. in the capacity of a Guest Service employee, Work Development employee, Van Driver and City Director at various times in Georgia. Mr. Hearin's Consent to Join is attached hereto as *Collective Exhibit A*.

12. Plaintiff Derek Lewis is an adult resident citizen of the state of Georgia who was employed by SLA, Inc. in the capacity of a Guest Service employee, Work Development employee, Van Driver and City Director at various times in Georgia. Mr. Lewis' Consent to Join is attached hereto as *Collective*

*Exhibit A*.

13. Plaintiff James Grimes is an adult resident citizen of the state of Georgia who was employed by SLA, Inc. in the capacity of a Guest Service employee, Work Development employee, Van Driver and City Director at various times in Georgia. Mr. Grimes' Consent to Join is attached hereto as *Collective Exhibit A*.

14. Plaintiff Allen Kirkland is an adult resident citizen of the state of Georgia who was employed by SLA, Inc. in the capacity of a Guest Service employee, Work Development employee, Van Driver and City Director at various times in Georgia. Mr. Kirkland's Consent to Join is attached hereto as *Collective Exhibit A*.

15. Anticipated opt-in plaintiffs are adult resident citizens of the states of Tennessee, Alabama, Florida, Georgia, South Carolina, North Carolina, Kentucky, Indiana, Mississippi, Virginia, and Texas and are currently or have previously been employed by SLA as Van Drivers, Guest Service employees, Work Development employees, or City Directors in those states within the last three (3) years.

## V. ALLEGATIONS

16. SLA owns and operates group home facilities in several states across the United States, including Tennessee, Alabama, Florida, Georgia, South

Carolina, North Carolina, Kentucky, Indiana, Mississippi, Virginia, and Texas and others.

17. The primary function of SLA's mission is to provide an alcohol and drugs support and accountability mechanism for recovering addicts, as well as lodging and employment opportunities. SLA is and/or has been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Complaint.

18. Plaintiffs and all other similarly situated persons are current or former employees of SLA.

19. SLA employed Plaintiffs and those similarly situated and was responsible for establishing and administering pay policies and practices, including pay classifications and pay rates, during all times relevant to this Complaint.

20. Decisions regarding Plaintiffs and other members of the collective's compensation and other terms of employment were made through a centralized management office of SLA's headquarters location in Atlanta, Georgia under the direction and control of James C. deVarennes, its President and CEO.

21. SLA has had a centralized plan, policy, and practice (scheme) of establishing and administering pay practices for its employees classified as Guest Service employees, Work Development employees, Van Drivers, and City Directors.

22. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of SLA as defined by Section 203(e)(l) of the FLSA and, worked for SLA within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

23. At all times material to this action, SLA has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(l) of the FLSA, with annual revenue in excess of $500,000.00. At all times material to this action, SLA has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and its employees are engaged in interstate commerce.

24. SLA's operations employ individuals classified as Guest Service employees, Work Development employees, Van Drivers, and City Directors whose primary duties are non-managerial in nature and whose principal duties are to facilitate communications and operations with decision makers.

25. Upon information and belief, prior to October 2020, SLA paid Plaintiffs and other similarly situated employees classified as Guest Service employees, Work Development employees, Van Drivers, and City Directors on an arbitrary basis with *de minimis* cash compensation ranging between $100 and $150 per week with a rent stipend or credit it arbitrarily calculated at approximately $200 per week for a room in a group home with at least one

roommate. Since October 1, 2017, SLA has paid Plaintiffs and other similarly situated employees classified as Guest Service employees, Work Development employees Van Drivers, and City Directors on this basis.[2]

26. SLA had no time keeping system for tracking and reporting employee hours worked at each of its locations.

27. Upon information and belief, prior to September 1, 2020, SLA failed to record the work time of Plaintiffs and other similarly situated employees classified as Guest Service employees, Work Development employees, Van Drivers, and City Directors because it maintained no manual or electronic time keeping system for tracking and reporting hours worked at each of its locations. SLA also failed to keep complete and accurate time sheets and payroll records of Plaintiffs and other similarly situated employees classified as Guest Service employees, Work Development employees, Van Drivers,

---

[2] SLA is not entitled to a credit under section 3(m) of the FLSA for lodging because it used an arbitrary "rental" cost to calculate the "fair market value" and/or "reasonable cost" for the housing. *See Chellen v. John Pickle Co.*, 446 F. Supp. 2d 1247 (N.D. Okla. 2006), *superseding* 434 F. Supp. 2d 1069 (N.D. Okla. 2006) ([t]he court disallowed a housing offset on the grounds that the employer-provided accommodations were substandard, the employees did not use dormitories voluntarily, and an arbitrary "rental" cost was used to calculate the supposed fair market value for the housing). *See also* 29 C.F.R. §531(a); *Estanislau v. Manchester Developers, LLC,* 316 F. Supp. 2d at 109 (rejecting employer's claim that "reasonable cost" determination should be based on fair market rent of plaintiff's apartment, noting that the amount could not include profit, and concluding that employer could only claim actual mortgage and other costs it paid for the apartment).

8

and City Directors prior to September 1, 2020.

28. SLA failed to pay Plaintiffs and other similarly situated employees classified as Guest Service employees, Work Development employees, Van Drivers, and City Directors overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period. Plaintiffs and other similarly situated employees of SLA were classified as Guest Service employees, Work Development employees, Van Drivers, and City Directors who have not been paid overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, are entitled to receive all such overtime compensation due to them from SLA.[3]

29. The net effect of SLA's plan, policy, and practice of not paying Plaintiffs and other similarly situated employees classified as Guest Service employees, Work Development employees, Van Drivers, and City Directors overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, was a scheme to save actual payroll, payroll costs and payroll taxes for which SLA has enjoyed ill-gained profits at the expense of Plaintiffs and other members of the collective.

---

[3] The evidence is also expected to show that SLA employed Van Drivers to deliver residents to places of employment and retrieve them at the end of their shifts.

30. Although at this stage Plaintiffs are unable to state the exact amount owed to them and other members of the collective, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI. COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs bring this action on behalf of themselves and those similarly situated as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

32. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b). The members of the collective are so numerous that joinder of all other members of the collective is impracticable. While the exact number of the other members of the collective is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, Plaintiffs believe there are more than two hundred (200) individuals in the collective.

33. The claims of Plaintiffs are typical of the claims of the collective. Plaintiffs and the other members of the collective work, or have worked, for SLA as Guest Service employees, Work Development employees, Van Drivers, and City Directors and were subject to the same operational, compensation, and

lack of timekeeping plans, policies, and practices, including the failure of SLA to pay Plaintiffs and other employees classified as Guest Service employees, Work Development employees, Van Drivers, and City Directors overtime compensation under the FLSA for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period.

34. Common questions of law and fact exist as to the collective which predominate over any questions only affecting other members of the collective individually and include, but are not limited to, the following:

   - Whether Plaintiffs and other members of the collective were treated as exempt from the FLSA from November 1, 2017, to November 1, 2020, or whenever a particular Plaintiff or collective member commenced compensable service;

   - Whether Plaintiffs and other members of the collective were expected and/or required to work hours without compensation;

   - Whether Defendants suffered and permitted Plaintiffs and other members of the collective to work hours without compensation;

   - Whether Defendants failed to pay Plaintiffs and other members of the collective all applicable straight time wages for all hours worked;

   - Whether Defendants failed to pay Plaintiffs and other members of the collective all overtime compensation due them for all hours worked in excess of forty (40) hours per week;

   - The correct statutes of limitations for Plaintiffs' claims and the claims of the other members of the collective are three (3) years dating from filing this complaint;

   - Whether Plaintiffs and other members of the collective are entitled to

damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' fees, and costs.

35. Plaintiffs will fairly and adequately protect the interests of the collective as their interests are aligned with those of the other members of the collective. Plaintiffs have no interests adverse to the collective and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

36. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual Plaintiffs and other members of in the collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the collective to individually seek address for the wrongs done to them.

37. Plaintiffs and other members of the collective have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and administered by SLA.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

38. Plaintiffs, on behalf of themselves and the collective, repeat and re-allege

Paragraphs One through 37 above, as if they were fully set forth herein.

39. At all relevant times, SLA has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiffs and collective members also have engaged in interstate commerce during all relevant times to this Complaint.

40. At all relevant times, SLA employed (and/or continues to employ) Plaintiffs and each of the other members of the collective within the meaning of the FLSA.

41. At all times relevant, SLA had a uniform plan, policy and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the collective for all hours worked in excess of forty (40) hours per week.

42. At all times relevant, SLA had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the collective for all hours worked in excess of forty (40) hours per week.

43. At all times relevant, SLA did not have a good faith basis for its failure to pay the federal applicable overtime compensation to Plaintiffs and other members of the collective for all hours worked in excess of forty (40) hours per week.

44. As a result of SLA's willful failure to pay Plaintiffs and other members of the

collective the applicable federal applicable overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, it has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

45. SLA's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

46. Due to SLA's willful FLSA violations and, and its lack of good faith, in its failure to pay Plaintiffs and the other members of the collective the federal applicable overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, they are entitled to recover from SLA compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three (3) year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **COUNT II**
## **RECOVERY OF MINIMUM WAGE**

47. Plaintiffs, on behalf of themselves and the collective, repeat and re-allege paragraphs 1 through 46 above, as if they were fully set forth herein.

48. At all relevant times, SLA has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiffs and collective members also have engaged in interstate commerce during all relevant times to this Complaint.

49. At all relevant times, SLA employed (and/or continues to employ) Plaintiffs and each of the other members of the collective within the meaning of the FLSA.

50. At all times relevant, SLA had a uniform plan, policy and practice of willfully refusing to pay the federal applicable minimum wage to Plaintiffs and other members of the collective for all hours worked as Guest Service employees, Work Development employees, Van Drivers, and City Directors.

51. At all times relevant, SLA had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the collective for all hours worked in excess of forty (40) hours per week.

52. At all times relevant, SLA did not have a good faith basis for its failure to pay the federal applicable overtime compensation to Plaintiffs and other members of the collective for all hours worked in excess of forty (40) hours per week.

53. As a result of SLA's willful failure to pay Plaintiffs and other members of the collective the applicable federal applicable overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, it has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

54. SLA's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

55. Due to SLA's willful FLSA violations and, and its lack of good faith, in its failure to pay Plaintiffs and the other members of the collective the federal applicable minimum wage of $7.25 per hour, they are entitled to recover from SLA compensation for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three (3) year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the collective demand judgment, jointly and severally, against Defendants, SLA, Inc., and James C. deVarennes:

A. Designation of this cause as a collective action on behalf of the collective and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising collective members of the pendency of this action and permitting other members of the collective to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B. An award of compensation for unpaid overtime and minimum wages to Plaintiffs and other members of the collective;

C. An award of liquidated damages to Plaintiffs and other members of the collective;

D. An award of prejudgment (to the extent that liquidated damages are not awarded) and post-judgment interest at the applicable legal rate to Plaintiffs and other members of the collective;

E. An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the collective;

F. A ruling that the three (3) year statutory period for willful violations under the FLSA shall apply in this action;

G. A Declaration that Plaintiffs and other members of the collective were/are not exempt and are entitled to unpaid overtime damages to be proven at trial;

H. A Declaration that Plaintiffs and other members of the collective were/are not exempt and are entitled to unpaid minimum wage damages to be proven at trial;

I. Allow Plaintiffs to amend their Complaint, if necessary, as new facts are discovered;

J. A Declaration that Defendants have willfully violated the FLSA, and;

K. Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted this 15th day of January, 2021.

    */s/ John W. Roper*
    John W. Roper
    Georgia Bar No. 614159
    **The Roper Law Firm**
    233 12th Street
    Suite 602
    Columbus, GA 31901
    (706)596-5353
    (706)780-1014-fax
    *johnroper@roperlaw.com*

    *-and-*

    J. Russ Bryant* (TN BPR No. 033830)
    Robert E. Turner, IV* (TN BPR No. 35364)
    Robert E. Morelli, III* (TN BPR No. 37004)
    **JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
    Attorneys at Law
    262 German Oak Drive
    Memphis, Tennessee 38018
    Tel: (901) 754-8001
    Fax: (901) 759-1745
    *rbryant@jsyc.com*
    *rturner@jsyc.com*
    *rmorelli@jsyc.com*

    *Attorneys for Plaintiffs and the Collective*

    * *Pro Hac Vice application to be filed*