IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JERRY HEARIN, DEREK LEWIS, JAMES GRIMES, and ALLEN KIRKLAND, Individually and on Behalf of All Other Similarly Situated Current and Former Employees,<br><br>Plaintiffs,<br><br>v.<br><br>SOBER LIVING AMERICA, INC., and JAMES C. DEVARENNES,<br><br>Defendants. | CIVIL ACTION FILE<br><br>NO. 1:21-CV-270-MHC |

## ORDER

This case comes before the Court on the parties' Joint Motion for Stipulated Judgment Approving Settlement and Release Agreement [Doc. 25]. The Court reviewed the parties' Settlement Agreement and Release ("Settlement Agreement") [Doc. 25-2] to determine its adequacy and consistency with the requirements of the Fair Labor Standards Act, 29 U.S.C. § 216. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). Based on its review of the parties' Settlement Agreement and the record in this case, the Court

concludes: (1) the terms of the Settlement Agreement are a fair, reasonable, and adequate resolution of this action; and (2) the Settlement Agreement was reached in an adversarial context where both parties had legal representation. Having reviewed the proposed Settlement Agreement, the Court finds it to be a reasonable settlement of Plaintiff's claims under the Fair Labor Standards Act of 1983, as amended, 29 U.S.C. § 201 *et seq.*

Accordingly, it is hereby **ORDERED** that the Joint Motion for Stipulated Judgment Approving Settlement and Release Agreement [Doc. 25] is **GRANTED**. Upon consideration of the parties' joint motion, the Court **ORDERS** that the payments of the settlement amount and attorney's fees shall be made as provided in the Settlement Agreement. Except as stated in the Settlement Agreement, each party shall bear its own costs of litigation, including attorney's fees. After Defendants tender to Plaintiffs all payments contemplated by the Settlement Agreement, the parties shall file a stipulation of dismissal with prejudice.

It is **FURTHER ORDERED** that the Clerk is hereby **DIRECTED** to **ADMINISTRATIVELY CLOSE** the case.[1]

**IT IS SO ORDERED** this 5th day of August, 2021.

*/s/ Mark H. Cohen*
MARK H. COHEN
United States District Judge

---

[1] Administrative closing is a docket-control device used by the Court for statistical purposes; it does not affect the Court's jurisdiction over the case or the rights of the parties.

3